IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TYANNE YEVETTE THURMAN                                                          PLAINTIFF

       v.        Civil No. 2:12-cv-02138-PKH-JRM

CAROLYN W. COLVIN,[1] Commissioner of
Social Security Administration                                                  DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    Factual and Procedural Background**

Plaintiff, Tyanne Yevette Thurman, brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("the Act").

Plaintiff protectively filed her applications on July 27, 2009, alleging an amended disability onset date of September 1, 2009,[2] due to obesity, high blood pressure, back and leg pain, leg swelling, anxiety, depression, and herniated discs at L4-L5. Tr. 181, 232. On the alleged onset date, Plaintiff was thirty-two years old with a high school education. Tr. 14, 57, 187. She has past relevant work as a fast food industry worker, nursing home cook, public service instructor, and in-home elderly care attendant. Tr. 14.

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

[2] Plaintiff originally alleged disability beginning on March 3, 2009. Tr. 57, 232. However, at the administrative hearing, Plaintiff amended her alleged onset date to September 1, 2009. Tr. 61.

Plaintiff's applications were denied at the initial and reconsideration levels. Tr. 83-89, 91-94. At Plaintiff's request, an administrative hearing was held on June 28, 2010. Tr. 47-75. Plaintiff was present at this hearing and represented by counsel. The Administrative Law Judge ("ALJ") rendered an unfavorable decision on December 27, 2010, finding Plaintiff was not disabled within the meaning of the Act. Tr. 5-16. Subsequently, the Appeals Council denied Plaintiff's Request for Review on April 27, 2012, thus making the ALJ's decision the final decision of the Commissioner. Tr. 1-4. Plaintiff now seeks judicial review of that decision.

## II.     Applicable Law

The Court's role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2003). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion." *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002) (quoting *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001)). In determining whether evidence is substantial, the Court considers both evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Craig v. Apfel*, 212 F.3d 433, 435-36 (8th Cir. 2000) (citing *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)). If, after conducting this review, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Secretary's] findings," then the decision must be affirmed. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (quoting *Siemers v. Shalala*, 47 F.3d 299, 301 (8th Cir. 1995)).

To be eligible for disability insurance benefits, a claimant has the burden of establishing that she is unable to engage in any substantial gainful activity due to a medically determinable physical or mental impairment that has lasted, or can be expected to last, for no less than twelve months.

*Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step sequential evaluation process to all disability claims: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits her physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a disabling impairment listed in the regulations; (4) whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work; and (5) if the claimant cannot perform her past work, the burden of production then shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform given her age, education, and work experience. *Pearsall*, 274 F.3d at 1217; 20 C.F.R. § 404.1520(a), 416.920(a). If a claimant fails to meet the criteria at any step in the evaluation, the process ends and the claimant is deemed not disabled. *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004).

### III.   ALJ's Determination

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity at any point since September 1, 2009, the amended alleged onset date. Tr. 10. At step two, the ALJ found Plaintiff suffers from the following severe impairments: obesity, back disorder, and hypertension. Tr. 10-11. At step three, he determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 11-12.

At step four, the ALJ found Plaintiff had the RFC to lift/carry ten pounds occasionally and less than ten pounds frequently, sit for about six hours during an eight-hour workday, stand and walk for about two hours during an eight-hour workday, occasionally climb stairs and ramps, balance, stoop, kneel, crouch, and crawl, and never climb ladders, ropes, or scaffolds. Tr. 12-14.

Additionally, the ALJ determined Plaintiff must avoid concentrated exposure to dust, fumes, gases, odors, and poor ventilation. Tr. 12-14.

With these limitations, the ALJ found Plaintiff could not perform her past relevant work. Tr. 14. However, after receiving vocational expert testimony, the ALJ found jobs existing in significant numbers in the national economy that Plaintiff could perform.[3] Accordingly, the ALJ determined Plaintiff was not under a disability from September 1, 2009, the amended alleged onset date, through December 27, 2010, the date of the administrative decision. Tr. 15-16.

## IV.   Medical History

Plaintiff alleges disability due to high blood pressure, back and neck pain, leg swelling and pain, obesity, anxiety, and depression. In October 2009, Plaintiff was treated twice at Good Samaritan Clinic for high blood pressure and a dental abscess. Tr. 275-280. She was given prescriptions for Lisinopril/HCTZ. Tr. 276.

On October 20, 2009, Plaintiff underwent a consultative physical examination with Marie Pham-Russell, APN. Tr. 248-252. Plaintiff was 5'10 and weighed 425 pounds, with a Body Mass Index of 60.11. Tr. 249. Her blood pressure was 126/72. Tr. 249. Diagnostic imaging studies of Plaintiff's lumbar were unremarkable. Tr. 248. On examination, Plaintiff had normal range of motion in her cervical spine and in all her extremities. Tr. 251. Flexion of the lumbar spine was slightly limited and there was exaggeration of the lumbar curvature. Tr. 251. Plaintiff had normal strength in her upper and lower extremities, and no sensory abnormalities were noted. Tr. 250.

---

[3] The ALJ determined Plaintiff could perform the requirements of representative occupations such as dispatcher, of which there are 1,500 jobs regionally and 15,500 jobs nationally, credit authorizer, of which there are 75 jobs regionally and 16,000 jobs nationally, and interviewer, of which there are 500 jobs regionally and 37,000 jobs nationally. Tr. 15, 72-74.

Straight-leg raising was negative on both sides. Tr. 250. Plaintiff was able to hold a pen and write, touch her fingertips to her palm, oppose her thumb to her fingers, pick up a coin, stand/walk without assistive devices, walk on her heels and toes with difficulty, and squat/arise from a squatting position with difficulty. Tr. 250. Plaintiff had normal grip strength in both hands. Tr. 250. Ms. Pham-Russell diagnosed Plaintiff with lumbago and morbid obesity and noted moderate lifting limitations. Tr. 252.

On January 26, 2010, Plaintiff was treated at St. Edward Mercy Medical Center for shoulder pain following a motor vehicle accident. Tr. 320-327. She was diagnosed with an upper thoracic and trapezius strain. Tr. 327, 331.

In January 2010, Plaintiff presented to Danny Silver, M.D., with complaints of bilateral neck pain with radiculopathy as well as mid-back pain. Tr. 285, 328-337. On March 16, 2010, Plaintiff underwent an MRI of her cervical spine, which revealed minimal annular bulging at the C5-6 level with widely patent canal and foramen and no significant bulge or protrusion. Tr. 269-270. Cervical alignment and cord signal and morphology were grossly unremarkable. Tr. 269. An MRI of Plaintiff's thoracic spine was negative. Tr. 271. A 2007 MRI of Plaintiff's lumbar spine revealed a small central/left paracentral disc herniation at L5-S1 and early degenerative changes. Tr. 272-273. Dr. Silver assessed Plaintiff with acute cervical and thoracic strain, post-traumatic stress disorder ("PTSD"), motor vehicle collision, and low back pain, and treated her with pain medication, anti-anxiety medication, and muscle relaxants. Tr. 328-337. In April 2010, Plaintiff reported that her neck and back pain had improved and she was feeling better overall. Tr. 328. As a result, Dr. Silver released Plaintiff from his care. Tr. 329.

Plaintiff presented to St. Edward Mercy Medical Center in April and May 2010 with complaints of chest pain and shortness of breath. Tr. 289-319. Chest x-rays were within normal limits, with no evidence for acute cardiopulmonary disease. Tr. 305, 319. Plaintiff was treated for chest wall pain and bronchitis, as well as hyperventilation, asthma, and anxiety. Tr. 296, 313.

On April 20, 2010, Plaintiff presented to Western Arkansas Counseling and Guidance Center with complaints of anxiety and depression. Tr. 274. Clark Williams, Ph.D., tentatively diagnosed Plaintiff with major depressive disorder, recurrent, moderate, and recommended individual therapy and medication management. Tr. 274. There are no further treatment records.

**V.    Discussion**

On appeal, Plaintiff contends the ALJ erred by: (A) failing to fully and fairly develop the record; (B) improperly discounting her credibility; (C) improperly determining her RFC; and (D) failing to include all of her limitations in the hypothetical question posed to the vocational expert. *See* Pl.'s Br. 5-12. The Commissioner submits that substantial evidence supports the ALJ's determination. *See* Def.'s Br. 4-19. For the following reasons, the undersigned finds that substantial evidence does not support the ALJ's determination.

At the fourth step of the evaluation, a disability claimant has the burden of establishing her RFC. *Eichelberger*, 390 F.3d at 591; *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). A claimant's RFC is the most she can do despite her limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ determines a claimant's RFC based on "all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Masterson*, 363 F.3d at 737. The Eighth Circuit has stated that "a claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Thus,

although the ALJ bears the primary responsibility for determining a claimant's RFC, there must be "some medical evidence" to support the ALJ's determination. *Eichelberger*, 390 F.3d at 591; *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir 2000).

In this instance, the ALJ's RFC determination is ambiguous and perplexing. The ALJ determined Plaintiff could perform sedentary work with additional postural and environmental restrictions.[4] Tr. 12. However, the ALJ also noted in his opinion that Plaintiff was limited to "the performance of light and sedentary [work] which permit[s] a sit/stand option, which do[es] not require more than occasional bending or stooping or climbing of ladders, ropes, or scaffolds." Tr. 14. First, the performance of light work is directly at odds with the other restrictions in Plaintiff's RFC, as is occasional climbing of ladders, ropes, or scaffolds. Moreover, if the ALJ intended to include a sit/stand option in his RFC determination, he did not include this additional limitation in the hypothetical question posed to the vocational expert. For this reason, substantial evidence cannot support the ALJ's step-five determination, as the limitations set forth in the hypothetical question do not mirror those ultimately adopted by the ALJ. *Cox v. Apfel*, 160 F.3d 1203, 1207 (8th Cir. 1998) (citing *Greene v. Sullivan,* 923 F.2d 99, 101 (8th Cir.1991) (a vocational expert's response to a hypothetical question that does not include all of the claimant's impairments, limitations, and restrictions, or is otherwise inadequate, cannot constitute substantial evidence to support a conclusion of not disabled)). Because the undersigned cannot determine whether these inconsistencies are the result of an inadvertent drafting error or an intentional decision, remand is

---

[4] Sedentary work involves lifting no more than ten pounds at a time and occasionally lifting or carrying articles such as docket files, ledgers, and small tools. 20 C.F.R. §§ 404.1567(a), 416.967(a). Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary to carry out job duties. *Id.* Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. *Id.*

necessary for further clarification.

The undersigned also finds that the ALJ's credibility analysis was wholly inadequate. When evaluating a claimant's subjective allegations, the ALJ must consider all evidence relating to: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) any precipitating and aggravating factors; (4) the dosage, effectiveness and side effects of medication; and (5) any functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ "may not discount a claimant's allegations of disabling pain solely because the objective medical evidence does not fully support them." *Medhaug v. Astrue*, 578 F.3d 805, 816 (8th Cir. 2009) (quoting *Goff*, 421 F.3d at 792). However, subjective complaints may be discounted if there are inconsistencies in the medical evidence as a whole. *Id.* A court "will not disturb the decision of an ALJ who considers, but for good cause expressly discredits, a claimant's complaints of disabling pain." *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006) (quoting *Goff*, 421 F.3d at 792).

In this case at bar, the ALJ simply recited the medical records and determined that the objective medical evidence did not fully support Plaintiff's subjective complaints. Tr. 12-14. While the lack of objective medical evidence is one factor an ALJ may consider when gauging a claimant's credibility, he may not discount a claimant's subjective complaints *solely* because they are unsupported by objective medical evidence. *See Halverston v. Astrue,* 600 F.3d 922, 931-32 (8th Cir. 2010) (citing *Mouser v. Astrue,* 545 F.3d 634, 638 (8th Cir. 2008)). The ALJ should have conducted a more thorough credibility analysis, considering the *Polaski* factors and citing specific reasons for his determination. For these reasons, the undersigned finds that substantial evidence does not support the ALJ's determination.

## VI.     Conclusion

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have <u>fourteen</u> days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

ENTERED this 2nd day of May 2013.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE